IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRANCISCO JOSE NIN, | ) | |
| | ) | Civil No. 05-1097-MO |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEAN HILL, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

    Anthony Bornstein
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    Hardy Myers
    Attorney General
    Susan R. Gerber
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

1 - OPINION AND ORDER

MOSMAN, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 challenging his underlying state conviction for Murder. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#2) is denied.

## BACKGROUND

On January 10, 1997, petitioner was indicted for the murder of Gary Edwards. Respondent's Exhibit 102. He proceeded to a jury trial where he was found guilty and sentenced to 300 months in prison. Respondent's Exhibit 101.

Petitioner took a direct appeal, but the Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review. *State v. Nin*, 162 Or.App. 299, 985 P.2d 240 (1999), *rev. denied*, 332 Or. 632, 34 P.3d 1179 (2001).

Petitioner next filed for post-conviction relief ("PCR") in Malheur County, but the PCR trial court denied relief on all of his claims. Respondent's Exhibit 125. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Nin v. Lampert*, 197 Or.App. 202, 107 P.3d 84, *rev. denied*, 338 Or. 374, 110 P.3d 113 (2005).

Petitioner filed his federal Petition for Writ of Habeas Corpus on July 14, 2005 in which he seeks relief from his Murder conviction on the following bases: (1) his jury was unconstitutionally selected because any potential jurors who were

not registered to vote were automatically excluded; (2) he was denied his right to the effective assistance of counsel when the PCR trial court denied his request to substitute counsel in that proceeding; and (3) his conviction was obtained by the use of coerced statements. Respondent asks the court to deny relief on the Petition because Grounds Two and Three are procedurally defaulted, and all claims lack merit.

## DISCUSSION

**I. Exhaustion and Procedural Default.**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims could have been considered, the claims have not been fairly presented to the state courts and are

therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

In this case, petitioner's Ground Two claim arises out of the PCR trial court's refusal to grant his request to substitute counsel in that proceeding. *See* Respondent's Exhibit 109. While petitioner presented this claim on collateral appeal in his *pro se* Supplemental Appellant's Brief, this document was never referenced in the Petition for Review filed by his appointed attorney. Instead, the Petition for Review relied exclusively on "appellant's opening brief" which, too, had been filed by appointed counsel. Respondent's Exhibits 127, 129. Although petitioner filed a *pro se* Supplemental Petition for Review, it also failed to raise the

denial of counsel claim.  Respondent's Exhibit 130.  Consequently, the Oregon Supreme Court never had an opportunity to consider it.

Similarly, petitioner's Ground Three claim pertaining to his allegedly coerced statements was not raised in any of his three petitions seeking review in the Oregon Supreme Court.[1] Respondent's Exhibits 105, 126, 129.  Because petitioner may no longer present Grounds Two and Three to the Oregon Supreme Court for consideration, the claims are procedurally defaulted. Petitioner does not attempt to demonstrate cause and prejudice, or make a colorable showing of actual innocence in order to excuse his default.

## II.  The Merits.

In his remaining claim, petitioner alleges that his jury was unconstitutionally selected when the trial court excluded any potential jurors who were not registered voters, a requirement of Oregon's Ballot Measure 40.[2]  He claims that this exclusion violates the Sixth Amendment's requirement that juries represent a fair cross-section of the community.

---

[1] Petitioner concedes that this issue was not fairly presented to the state courts.  Memo in Support (#43), p. 14.

[2] The Oregon Supreme Court ultimately concluded that Ballot Measure 40 (later codified at ORS 10.030) violated the Oregon Constitution because it contained multiple constitutional amendments each of which should have been voted on separately. *Armatta v. Kitzhaber*, 327 Or. 250, 959 P.2d 49 (1998).  The Oregon Supreme Court specifically noted that "the merits of the various policy choices represented by Measure 40 are not at issue." *Id* at 252.

5 - OPINION AND ORDER

**A. Standard of Review.**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.

*Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

In reviewing petitioner's Ground Three claim, the court looks to the criminal trial court's decision as the "last reasoned decision" because the Oregon Court of Appeals affirmed the decision without opinion and the Oregon Supreme Court denied review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002).

**B. Analysis.**

The Sixth Amendment guarantees criminal defendants a jury made up of a fair cross-section of the community. *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975). It does not guarantee a jury of any particular composition, but instead requires only that the pool from which jurors are chosen "must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof." *Id* at 538. In order to establish a prima facie violation of the fair cross-section requirement, petitioner must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in the venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364 (1979). If petitioner establishes a prima facie violation, respondent may only prevail by

7 - OPINION AND ORDER

showing that the practice which results in the disproportionate exclusion of a distinctive group manifestly advances an overriding, significant government interest. *Id* at 367-68.

When confronted with petitioner's jury selection claim, the trial court made the following findings:

> As far as being a registered voter, I find that part constitutional. Because I do not believe that it is in any way a systematic or intentional or in any other way attempt to prevent any particular class of persons from serving as jurors. The rules about registering to vote have not been altered. There was no showing that the rules of what you have to do to register to vote in this state put any impermissible unconstitutional barriers between the right of the citizen to vote and the registration therefore.
>
> It is not like the old literacy conditions in the old cases from years ago, had to be a property owner, that sort of thing. This is simply the State saying that a prospective juror must do an act that is available to everyone and an act that has no precursors attached to it that are unlawful or put hurdles in the way of citizenry. So it is not exclusionary in that regard, therefore I believe it's constitutional.

Trial Transcript, p. 171.

Petitioner asserts that citizens who are not registered to vote, but who are otherwise qualified to sit on a jury, should constitute a distinctive group in the community such that their systematic exclusion violates the Sixth Amendment's fair cross-section requirement. The Supreme Court has not spoken directly to this point, and petitioner is unable to identify any authority which supports his proposition. Various appellate courts have, however, concluded that in the absence of positive evidence that a

8 - OPINION AND ORDER

specific group has been hindered in attempting to register to vote, the use of voter registration lists to assemble juries does not violate the Sixth Amendment fair cross-section requirement. *Schanbarger v. Macy*, 77 F.3d 1424 (2d Cir. 1996); *United States v. Ashley*, 54 F.3d 311, 314 (7th Cir. 1995); *United States v. Garcia*, 991 F.2d 489. 492 (8th Cir. 1993); *Ford v. Seabold*, 841 F.2d 677, 685 (6th Cir. 1988); *United States v. Horton*, 526 F.2d 884, 889 (5th Cir. 1976). Because there is no allegation in this case that a specific group has been hindered in its attempt to register to vote, the criminal trial court in this case did not unreasonably apply clearly established federal law in rejecting petitioner's Ground Three claim.

## **CONCLUSION**

For the reasons identified above, the Petition for Writ of Habeas Corpus (#2) is DENIED.

IT IS SO ORDERED.

DATED this 22nd day of October, 2007.

/s/ Michael W. Mosman
Michael W. Mosman
United States District Judge

9 - OPINION AND ORDER